IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| V3 WORLD MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYNERGY WORLDWIDE, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:16-cv-323-DB <br><br> District Judge Dee Benson |

Before the court are Defendant's motions to exclude expert testimony: a Motion to Exclude Plaintiff's Expert A. Craig Hale (Dkt. No. 59) and a Motion to Exclude Evidence or Expert Opinion of Future Lost Profits. (Dkt. No. 60.) The Motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Background

This action arises out of the termination of V3 World Management Inc.'s ("V3") distributorship with Synergy Worldwide, Inc. ("Synergy"). A distributor for Synergy, like V3, earns revenue by either reselling products directly to consumers or by recruiting other distributors to their "downline." V3 maintained a lucrative Synergy distributorship until it was terminated by Synergy on March 1, 2016.

Synergy terminated V3's distributorship on the basis of actions taken by V3's owner, Mr. Feldman, in connection with another entity for which he was the sole owner, HealthBanc International LLC ("HealthBanc"). HealthBanc filed suit against Synergy, and Synergy terminated V3's distributorship, asserting that V3 had "failed to comply with the requirements of the Synergy Code of Ethics" and had engaged in "conduct that is detrimental to Synergy's reputation and business." (Synergy Code of Ethics, Sections 4.1, 8.5, and 8.7, Dkt. No. 75-14.)

Following the termination of its distributorship, V3 brought suit against Synergy. In its Third Amended Complaint, V3 brought claims for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Violation of the Utah Sales Representative Commission Payment Act. (Dkt. No. 43.) In its Prayer for Relief, V3 requested "an award of $1.8 million plus $18,500 in income per month to the date of transfer of the distributorship"; "attorney fees and costs as allowed by law"; and "such further relief as the Court deems just." (*Id.*, Prayer for Relief.)

## Discussion

Synergy has moved to exclude the testimony of two of V3's proposed experts. Synergy seeks exclusion of V3's industry standards expert, A. Craig Hale, because Mr. Hale has declined to disclose the details of some of his relevant experience based on the attorney-client privilege. (Dkt. No. 59.) Synergy has also sought to exclude all evidence and expert testimony related to future lost profits because V3 failed to disclose that damages theory. (Dkt. No. 60.)

*Motion to Exclude the Testimony of Mr. Hale*

Federal Rule of Evidence 702 allows qualified expert witness testimony that "will help the trier of fact to understand the evidence or to determine a fact in issue" so long as it "is based

on sufficient facts or data"; "is the product of reliable principles and methods"; and if "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "Expert testimony is properly admitted if the subject matter is closely related to a particular profession, business or science and is not within the common knowledge of the average layperson." *United States v. Batton*, 602 F.3d 1191, 1201 (10th Cir. 2010).

Synergy challenges the proposed testimony of A. Craig Hale because Mr. Hale has declined to disclose the details of his professional experience—upon which he bases his opinion regarding what is common in the industry—due to the attorney-client privilege. Mr. Hale has testified that he was the general counsel for XanGo, LLC, a multi-level marketing company, for more than five years. He then served as the President of XanGo. After leaving XanGo, Mr. Hale entered private practice, where he advises various multi-level marketing companies, including giving advice to several clients on matters related to distributor agreements and terminations. (Dkt. 59-2 at 6.)

Mr. Hale has provided sufficient information to establish his qualifications and the facts or data upon which his opinion is based. Synergy may, of course, properly cross-examine Mr. Hale with respect to his qualifications and the support for his opinions at trial. Accordingly, Synergy's motion to exclude the testimony of Mr. Hale is denied.

*Motion to Exclude Evidence or Expert Testimony of Lost Profits*

Synergy has also moved to exclude evidence or expert testimony related to future lost profits on the basis that a future lost profits damages theory was not properly disclosed. The Federal Rules of Civil Procedure require a party seeking relief to provide disclosures that show "a computation of each category of damages claimed by the disclosing party" and make available

any evidence upon which each computation is based. Fed. R. Civ. Proc. 26. If a party fails to properly disclose its damages theories, it may not use witnesses or evidence to support those theories except where "the failure was substantially justified or is harmless." Fed. R. Civ. Proc. 37. In considering whether a failure to disclose is harmless or justified, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [proffering] party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In the Prayer for Relief in its Third Amended Complaint[1], V3 did not seek future lost profits. (Dkt. No. 43.) V3 also did not disclose a future lost profits theory in its initial disclosures. (Dkt. No. 60-1.) V3's 30(b)(6) witness stated that she did not believe that the company would seek future lost profits. (Dkt. No. 60-3 at 89:15-16.) V3 did not produce complete tax returns or evidence requested related to business expenses, stating that they were irrelevant.

The court finds that V3 failed to properly disclose its lost profits damages theory, and that failure is prejudicial to Synergy. The court also finds that the prejudice to Synergy cannot be sufficiently cured at this late stage in the litigation. Furthermore, evidence of future lost profits would be disruptive at trial and is likely to confuse the jury. Finally, the court finds that V3 had many opportunities to clearly disclose its future lost profits damages theory and failed to do so. Accordingly, evidence and expert testimony in support of that theory is properly excluded.

---

[1] V3 did not seek future lost profits in its original Complaint or its First and Second Amended Complaints either.

## Conclusion

For the foregoing reasons, Defendant's Motion to Exclude Plaintiff's Expert A. Craig Hale (Dkt. No. 59) is DENIED and Defendant's Motion to Exclude Evidence or Expert Opinion of Future Lost Profits. (Dkt. No. 60) is GRANTED.

DATED this 31st day of May, 2019.

BY THE COURT:

Dee Benson
United States District Judge